UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

FRANKLIN JOSE CALANCHE
SUAREZ,

                    Petitioner,

v.                                                                    No. 6:26-CV-00014-H

WARDEN, EDEN DETENTION
CENTER,

                    Respondent.

## ORDER

Petitioner's wife filed a petition for writ of habeas corpus on his behalf, but she did not pay the filing fee. Dkt. No. 1. But the Court found that the case could not proceed as filed by Petitioner's wife and provided Petitioner with an opportunity to pursue habeas relief on his own behalf. Dkt. No. 12. Now, as explained below, the Court finds that the petition must be dismissed because Petitioner has failed to cure the filing deficiencies and his current address is unknown. Alternatively, the petition is dismissed as moot because Petitioner is no longer detained in the Eden Detention Center.

The Clerk mailed Petitioner a case opening letter. Dkt. No. 4. Among other things, the letter warned Petitioner that he must keep the Court informed of his current address and that failure to do so could result in the dismissal of his case for want of prosecution. *Id.*

On January 27, 2026, the Court entered an order and notice of deficiency requiring Petitioner to file an amended petition on the proper form within 30 days if he wanted to pursue habeas relief. Dkt. No. 12. The Court warned Petitioner that failure to comply could result in the dismissal of this case. *Id.* Petitioner did not respond to or comply with the January 27 order.

The case opening letter and the Court's order were both mailed to Petitioner at his last-known address—the Eden Detention Center.  But the envelopes containing the Court's order were returned to the Clerk unopened, marked "Return to Sender" and "No Longer Here."  Dkt. Nos. 13, 14.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action sua sponte for failure to prosecute or to comply with a court order.  *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash Railroad*, 370 U.S. 626, 629–30 (1962).

This case cannot proceed because Petitioner has not cured the filing deficiencies, and his current address is unknown.  The Court, therefore, finds that Petitioner's petition for writ of habeas corpus should be dismissed without prejudice for want of prosecution and for failure to comply with the Court's prior orders.  Alternatively, because it appears Petitioner is no longer detained in the Eden Detention Center, the petition may also be subject to dismissal as moot.

So ordered.

The Court will enter judgment accordingly.

If Petitioner remains in custody and still wants to pursue his claims, he may file a motion to reopen this case within 30 days of the date of this order.

Dated March 3, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge

2